UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Jose Velazquez | : | |
| 120 Shelbourne Lane | : | |
| Phoenixville, PA 19460 | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| John Morris, Esquire d/b/a | : | NO.: |
| John P. Morris Law Office | : | |
| 142 West Broad St. | : | |
| Bridgeton, NJ 08302 | : | |
| | : | |
| And | : | |
| | : | |
| John P. Morris Law Office | : | |
| 142 West Broad St. | : | |
| Bridgeton, NJ 08302 | : | |
| | : | |
| And | : | |
| | : | |
| John Feeley, Esquire d/b/a | : | |
| Law Offices of Feeley, Sayegh & Larocca | : | |
| 76 S. South Orange Ave., Suite 211 | : | |
| South Orange, NJ 07079 | : | |
| | : | |
| And | : | |
| | : | |
| Law Offices of Feeley, Sayegh & Larocca | : | **JURY TRIAL DEMANDED** |
| 76 S. South Orange Ave., Suite 211 | : | |
| South Orange, NJ 07079 | : | |
| | : | |
| And | : | |
| | : | |
| John Does 1-10 | : | |
| | : | |
| Defendants. | : | |

**CIVIL ACTION COMPLAINT**

**I.     Jurisdiction and Venue**

1.     Jurisdiction in this Honorable Court is based on diversity conferred by 28 USC §1332; supplemental jurisdiction over state law claims is granted by 28 USC §1367. Upon information and belief, Defendants are citizens of New Jersey; Plaintiff is a citizen of Pennsylvania.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that the events giving rise to Plaintiff's claims occurred in this District.

**II.    Parties**

3.     Plaintiff, Jose Velazquez, is an adult individual residing at the above-captioned address.

4.     Defendant, John Morris, Esquire, is a licensed attorney at Defendant law firm, John P. Morris Law Office, both maintaining an office at the above-captioned address. Plaintiff is asserting a professional liability claim against all Defendants.

5.     Defendant, John Feeley, Esquire, is a licensed attorney at Defendant law firm, Law Offices of Feeley, Sayegh & Larocca, both maintaining an office at the above-captioned address. Plaintiff is asserting a professional liability claim against all Defendants.

6.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom.  Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.  Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs hereunder.

### III. Operative Facts

7. On or about December 6, 2004, Plaintiff was listed by the Camden Police Department as injured on duty (IOD) stemming from post-traumatic stress disorder from Plaintiff's partner shooting a suspect.

8. Around August 2006, Plaintiff retained Defendant, Morris towards protecting his employment interests. Plaintiff paid Morris approximately $15,000.00 with the expectation that Morris would help Plaintiff either return to work or retire with a pension. Plaintiff and Defendant had a verbal agreement for legal services.

9. On or about September 26, 2006, the City of Camden's Risk Management Office cleared Plaintiff for return to full duty. Plaintiff returned and performed without any complaint from his supervisors.

10. On or about December 18, 2006, the Camden County Assistant Prosecutor, Domestic Violence Section Chief, Sally Smith, determined that Plaintiff may not possess a duty weapon under any circumstances based on a domestic violence incident between Plaintiff and his ex-wife. Internal Affairs Case No.: 2005-272. The incident in question was a verbal dispute.

11. Around October, 2010, Plaintiff began working for the New Jersey Division of Taxation.

12. On or about August 10, 2011, Plaintiff attended a hearing contesting the Camden County Assistant Prosecutor's decision.

13. On or about October 6, 2011, a Final Notice of Disciplinary Action (FNDA) was issued against Plaintiff. (Exh. A).

14. Plaintiff then filed a Prerogative Writ in New Jersey Superior Court. Docket No.: CAM-L-4429-11. On or about January 6, 2012, the Hon. Francis J. Orlando, granted a Motion to Dismiss Plaintiff's Prerogative Writ. Of particular note was the judge's finding that Defendant,

Morris failed to initiate litigation within forty-five (45) days of the Camden County Prosecutor's initial determination on or about December 18, 2006 .  Judge Orlando commented that the delay was "much too long" and there was no excuse for Plaintiff bringing a case three-and-a-half years later.

15.	Around 2012 Plaintiff retained Defendant, Feeley towards receiving his pension. Plaintiff paid Feeley approximately $4,500.  Plaintiff signed a fee agreement (believed in Defendant's possession).

16.	Feeley was aware of Plaintiff's public employment with the New Jersey Division of Taxation but failed to advise Plaintiff that he could not receive his police pension if he was enrolled in another state pension system.

17.	On or about April 10, 2014, the State of New Jersey Department of Treasury, Division of Pensions and Benefits, denied Plaintiff pension payments from the Police and Fire Retirement System because Plaintiff was enrolled in the Public Employee Retirement System through his employment with the Division of Taxation.

18.	Had Plaintiff been aware of the aforesaid prior to his April pension hearing, Plaintiff would have resigned from the New Jersey Division of Taxation and sought private employment in order to receive his police pension.

19.	As a result of Defendants' actions, Plaintiff suffered great monetary loss and emotional distress.

   **IV.	Causes of Action**

**COUNT I**
**Professional Negligence/Malpractice/Negligence**

20.	Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

21. At all times material, Defendants breached their duty of care to Plaintiffs, acting negligently, recklessly, and carelessly, and in the following regards, respectively:

    (a) Failing to provide appropriate and necessary legal advice and services;

    (b) Failing to timely initiate litigation;

    (c) Failing to advise Plaintiff that he could not receive his pension if he was already enrolled in the state pension system though other employment, and counsel Plaintiff accordingly; and

    (d) Other conduct that deviated from the applicable standard of care.

22. As set forth above and at all times material, Defendants failed to possess and/or exercise the ordinary skill, knowledge and care normally possessed and exercised by members of good standing in the legal profession.

23. As a direct and proximate result of Defendants' negligence, carelessness and recklessness, Plaintiffs suffered actual loss.

## COUNT II
### Breach of Contract/ Covenant of Good Faith and Fair Dealing

24. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

25. Defendants' aforementioned conduct constitutes a breach of the fee and other agreements, and the covenant of good faith and fair dealing, express, implied, and as a matter of law.

26. As a direct and proximate result of the aforesaid breach of the agreement, Plaintiffs have been damaged as set forth above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00),

together with interest and costs and such other and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT III
### Breach of Fiduciary Duty

27. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

28. Plaintiffs and Defendants were in a fiduciary relationship.

29. Defendants' aforementioned conduct constitutes a breach of that fiduciary relationship.

30. As a direct and proximate result of the aforesaid breach of fiduciary duty, Plaintiffs have been damaged (as set forth above).

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), punitive damages, together with interest and costs and such other and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

                                         **WEISBERG LAW**

                                         /s/ Matthew B. Weisberg
                                         Matthew B. Weisberg, Esquire
                                         David A. Berlin, Esquire
                                         Attorneys for Plaintiff